In the Matter of JOSEPH J. PETITO, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, November 22, 1971.

*Harold A. Cannold* for petitioner.

*Vincent Anello, Jr.,* for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on October 23, 1946. In this proceeding to discipline him for professional misconduct, the petitioner has moved to confirm the report of Mr. Justice Schwartzwald, to whom the issues were referred for hearing, and the respondent has moved to disaffirm the report or, in the alternative, to remand the matter for further hearing.

In our opinion, the evidence adduced before the reporting Justice amply supports the findings of the respondent's wrongdoing with respect to the seven charges made against him, all of which the Justice found to have been sustained, and which encompass a wide range of professional misconduct.

Thus, it was clearly established that the respondent had defrauded an aged client of over $6,000, for which he had agreed in writing to give the client an assignment of a mortgage, which the client never received. In addition to his false representations in connection therewith, the respondent issued checks to the client which were uncollectible and otherwise acted in violation of his fiduciary duties. To date, the money has not been returned to the client, constituting a conversion thereof to the respondent's own use.

In another case, the respondent referred a substantial negligence claim of an injured passenger against a commercial airline to a firm of attorneys who specialize in preparing the liability phase of such matters. Although the particular claim was ultimately settled for more than $150,000, the respondent withheld the entire fee until after he was sued for that firm's percentage thereof, to which the respondent had agreed in writing they were entitled. Despite the fact that summary judgment was granted for the full percentage, the respondent, by the concealment of his assets through a maze of corporations which he controlled and by a deposit in an out-of-State bank account, was able to convince the firm that the judgment against him was of questionable value, as a result of which they accepted a much lower figure in final settlement following supplementary proceedings.

In addition to the above misconduct, the respondent failed to maintain a special bank account and commingled clients' funds with his own. Moreover, his "many brushes" with the petitioner's Grievance Committee over the years and his difficulties with the United States Internal Revenue Service have demon-

424

strated " à continuous pattern of professional misconduct or carelessness to the equivalent thereof." The observations of the reporting Justice to this effect are fully justified.

Indeed, from the outset, the respondent went to inordinate lengths to frustrate and to obstruct the petitioner's counsel in the presentation of his proofs, refusing to concede even the most trifling elements thereof until near the end of the hearing. Moreover, his false and evasive testimony throughout the hearing and his obstructive and nonco-operative tactics before Mr. Justice SCHWARTZWALD lead to the inescapable conclusion that the respondent is unfit to continue as a member of the Bar.

Accordingly, we grant the petitioner's motion to confirm the report in all respects and deny the respondent's motion to disaffirm the report or, in the alternative, to remand the matter for further hearing. The respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law and his name removed from the roll of attorneys and counselors at law, effective forthwith.

RABIN, P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.

Petitioner's motion granted and respondent's motion denied.

Respondent is adjudged guilty of serious professional misconduct, he is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.